IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD HOPP,** | ) | **CASE NO. 8:07CV227** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON** |
| | ) | **INITIAL REVIEW** |
| **FRED BRITTEN, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |

The petitioner has previously been given provisional leave to proceed In Forma Pauperis ("IFP"). (Filing No. 6). The court has conducted an initial review of the habeas corpus petition (filing no. 1), to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. The petitioner has made four claims.

Condensed and summarized for clarity, the four claims asserted by the petitioner are these:

> Claim One: The petitioner's conviction was obtained by a plea of guilty (or no contest) which was unlawfully coerced.
>
> Claim Two: The petitioner's conviction was obtained as the result of perjured testimony by two government witnesses.
>
> Claim Three: The petitioner's conviction was obtained as a result of ineffective assistance of counsel because defense counsel did not zealously represent petitioner due to the nature of the crime and because defense counsel informed petitioner that he needed to plead guilty so that petitioner's reputation would not be tarnished in the community.
>
> Claim Four: The petitioner's conviction was obtained as a result of prosecutorial misconduct because the prosecutors intimidated and bullied defense counsel.

Liberally construed, the court preliminarily decides that all the claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner has also filed motions requesting various court documents. (Filing Nos. 8 & 9). It is not clear from his motions precisely what documents petitioner is requesting, however, the procedures outlined below will likely provide the petitioner with the documents necessary to move forward with his habeas petition. In the event that petitioner wishes to request additional documents he may reassert his motion at a later date.

IT IS ORDERED:

(1) Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: the four claims described in the body of this memorandum.

(2) Petitioner's request for documents (filing nos. 8 & 9) is denied without prejudice to reassertion.

(3) The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

(4) By October 5, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: summary judgment or answer deadline expires October 5, 2007.

(5) If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief.

    B.    The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner.

    D.    No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment.  The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions including the release of the petitioner.

(6)    If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

    A.    The answer shall be accompanied by a separate brief.  The answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  See, e.g., Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

    B.    The answer shall be supported by all state court records.  See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

    C.    Copies of the answer, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner.

    D. No later than 30 days following the filing of the answer, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

    E. No later than 15 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

(7) No discovery shall be undertaken without leave of the court. See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated this 20th day of August, 2007.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge