IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD HOPP, | ) | CASE NO. 8:07CV227 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| FRED BRITTEN, and STATE OF NEBRASKA, | ) ) | |
| | ) | |
| Respondents. | ) | |

The petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner alleges his April 26, 2000, conviction and sentence must be vacated because his confession was coerced, the state's witnesses committed perjury, he was denied effective assistance of trial counsel, and the prosecutor engaged in misconduct by "bullying" defense counsel. Filing No. 1.

The respondent has filed a motion for summary judgment. Filing No. 14. Respondent's motion alleges the petitioner has already unsuccessfully pursued habeas relief in this court. See Hopp v. Britten, 4:03CV3132 (D. Neb.)(J. Strom, presiding). This court's previous order and judgment dismissing the petitioner's motion for habeas relief was entered on July 19, 2004. Hopp v. Britten, 4:03CV3132, filing nos. 21 & 22. The court held that petitioner's motion was barred as untimely filed under 28 U.S.C. § 2244(d)(1). The respondent argues that the current petition for habeas relief is a successive petition, the petitioner was not granted leave to file a successive petition, and therefore this court lacks subject matter jurisdiction.

Both the petitioner's prior habeas petition and the current habeas petition allege he was convicted by the District Court of Nemaha County, Nebraska, of attempted first degree

sexual assault and criminal attempt to possess visual depictions of sexually explicit conduct. Both petitions allege he was sentenced to 18 to 20 years in prison. However, the first petition alleges the conviction occurred on March 23, 2000, while the second petition alleges the petitioner was convicted on April 26, 2000.[1] Although the distinction in dates may be due to a misunderstanding or typographical error, and it is likely the prior and current § 2254 petitions seek to vacate the same conviction and sentence, there are insufficient facts currently filed of record to determine that the pending petition is a second or successive petition.

The petitioner has moved for a continuance of his deadline for responding to respondent's summary judgment motion, claiming he needs additional time to obtain the Bill of Exceptions for his underlying trial and sentencing. He has also filed a "motion proving prosecutorial misconduct." Filing No. 18.

The threshold issue is whether this court lacks subject matter jurisdiction to determine the merits of the petition for writ of habeas corpus filed in this case. This jurisdictional issue must be resolved before addressing the petitioner's substantive allegations. The petitioner's motion or statement citing prosecutorial misconduct is not

---

[1] The court dismissed the first petition for habeas relief as untimely under the AEDPA statute of limitations. The respondent's pending summary judgment motion in this case alleges the court lacks subject matter jurisdiction because the pending petition is a successive petition, and the petitioner has not obtained an order from the Eighth Circuit Court of Appeals authorizing him to file a second or successive habeas corpus application. Burton v. Stewart, 127 S.Ct. 793, 796 (2007). The court notes that even if the petitioner's second habeas petition relates to a different state court judgment than the first, and is therefore not a successive petition, the pending habeas petition is likely barred by the AEDPA statute of limitations. However, while successive petitions raise jurisdictional issues, the AEDPA statute of limitations is an affirmative defense and is not "jurisdictional." Day v. McDonough, 547 U.S. 198, 205 (2006).

relevant to the question of jurisdiction, and the petitioner need not submit the Bill of Exceptions from the underlying trial to respond to the jurisdictional issue.

IT IS ORDERED:

1. The petitioner's motion proving prosecutorial misconduct, (filing no. 18), is denied; and

2. The petitioner's motion to continue the deadline for responding to the respondent's motion for summary judgment, (filing no. 17), is granted. The submission deadlines on respondent's motion for summary judgment, (filing no. 14), are amended as follows:

    A. On or before October 18, 2007, the respondent shall file evidence indicating whether the underlying conviction and sentence at issue in Hopp v. Britten, 4:03CV3132 (D. Neb.)(J. Strom, presiding), is the same conviction and sentence at issue in this case.

    B. No later than 15 days after the respondent files additional evidence in support of its motion for summary judgment, the petitioner shall file and serve his brief and any evidence in response to the motion.. The petitioner's brief and evidence must be limited to addressing jurisdictional issue raised in respondent's summary judgment motion; specifically, whether his petition filed in this case is a successive petition and, if so, whether it was filed without prior authorization from the Court of Appeals for the Eighth Circuit.

    C. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 18, 2007–respondent's deadline for submitting additional evidence.

DATED this 2nd day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge