IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD HOPP,** | ) | **CASE NO. 8:07CV227** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **FRED BRITTEN, and STATE OF NEBRASKA,** | ) ) | |
| | ) | |
| Respondents. | ) | |

The respondents have filed a Motion for Summary Judgment, (Filing No. 14), and in support of the motion, have argued:

> [The petitioner] completed the habeas corpus process once before. Hopp's prior habeas corpus was filed under Case Number 4:03CV3132 on April 9, 2003. The state moved to dismiss the petition because, even at that time, the AEDPA one year statute of limitations had run. The first petition was dismissed with prejudice on July 19, 2004. See, 4:03CV3132, Filing #22, filed with this Motion and Brief in Support thereof.

Filing No. 15, p. 1. The respondents therefore seek a judgment dismissing the petitioner's pending habeas petition as successive.

This court previously compared the § 2254 petition at issue in this case with the § 2254 petition filed and dismissed in Hopp v. Britten, 4:03CV3132 (D. Neb.)(Strom, J., presiding). The court noted that in case number 4:03CV3132, the petitioner was challenging a conviction allegedly entered on March 23, 2000, while the § 2254 petition pending in this case alleges his underlying judgment of conviction was entered April 26, 2000. The court entered an order requiring the respondents to supplement the record to clarify "whether the underlying conviction and sentence at issue in Hopp v. Britten, 4:03CV3132 (D. Neb.)(Strom, J., presiding), is the same conviction and sentence at issue

in this case." Filing No. 19, p. 3, ¶ 2(A). The petitioner was afforded 15 days thereafter to file any opposing evidence. Filing No. 19, p. 3, ¶ 2(B).

On October 17, 2007, the respondents supplemented the record with evidence showing that the pending § 2254 petition and the petitioner's previous § 2254 petition challenge the same underlying conviction and sentence. Based on the evidence of record, the petitioner used the date he entered his guilty plea to describe his underlying conviction in case number 4:03CV3132, but he used the date of judgment and sentencing to describe the same underlying conviction in his pending § 2254 petition. Filing No. 23-2, pp. 1-5. The petitioner has offered no responsive evidence.

The respondents' evidence establishes that the underlying conviction and sentence in this habeas case is the same conviction and sentence already subject to habeas review in Hopp v. Britten, 4:03CV3132 (D. Neb.)(Strom, J., presiding). The petitioner's first habeas petition was denied as untimely filed under the AEDPA state of limitations. See 28 U.S.C. § 2244. The court further found that the petitioner failed to establish either an unconstitutional impediment to filing within the meaning of 28 U.S.C. § 2244(d)(1)(B) or any basis for equitable tolling of the limitations period. See Hopp v. Britten, 4:03CV3132, Filing No. 21. The court entered a judgment dismissing the petitioner's first habeas petition. Hopp v. Britten, 4:03CV3132, Filing No. 22.

The petitioner was previously afforded federal habeas review of his underlying state court conviction and sentence. This second § 2254 petition does not raise any actual innocence claim, or any claim based on new rules of constitutional law made retroactive by the United States Supreme Court. Calderon v. Thompson, 523 U.S. 538, 558 (1998). The second § 2254 petition fails to raise a claim that could not have been raised in

petitioner's first habeas petition. See <u>Vancleave v. Norris</u>, 150 F.3d 926, 928 (8th Cir. 1998). The § 2254 petition filed in this case is successive.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), the petitioner must obtain authorization from the Eighth Circuit Court of Appeals before filing his successive habeas petition. He has failed to do so. This court therefore lacks subject matter jurisdiction to consider the plaintiff's pending petition for writ of habeas corpus. <u>Burton v. Stewart</u>, 127 S.Ct. 793, 796 (2007).

IT IS ORDERED that:

1. The petitioner's Petition for Writ of Habeas Corpus, (Filing No. 1), is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals;

2. The Clerk will terminate all pending motions in this case; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3